NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VENANCIO E. RIEGO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-3190<br><br>Agency No.<br>A031-325-887<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District
Judge.***

Venancio Riego petitions for review of the Board of Immigration Appeals'

("BIA") decision upholding the immigration judge's order denying his application

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeremy D. Kernodle, United States District Judge for
the Eastern District of Texas, sitting by designation.

for deferral of removal under the Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252.  Reviewing the BIA's factual findings for substantial evidence and its legal determinations de novo, *see Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022), we deny the petition for review.

1.  Riego contends that the agency improperly discounted the testimony of his expert, Professor Vicente Rafael, that Riego's "criminal record will most likely be made available to officials in the Philippines."  Any error was harmless because the agency also found, "assuming that Philippine authorities will learn of [Riego's] past drug activities," that he "has not established that it is more likely than not that he will be targeted based on the war against drugs and subsequently tortured."  Substantial evidence supports this finding.

The only drug-related activity in Riego's criminal history records is a 1990 arrest for drug possession.  Professor Rafael testified that "it's hard to say" whether Philippine officials would share this information with local police, putting him at risk for being placed on a drug list and extrajudicially killed.  When asked about the likelihood that someone with a drug-related arrest but not conviction would face consequences after being removed to the Philippines, Professor Rafael "[didn't] have a statistical figure to give."  Nor did he know of an individual with a similar rap sheet experiencing any consequences.

24-3190

Professor Rafael estimated that there is "a strong possibility" that Riego would be harmed or killed by the Philippine government based on his assumption that Riego would likely live "in one [of] the areas that have been rife with drug killings." But Professor Rafael testified that he did not know where Riego would be living in the Philippines, and Riego presented no evidence that he is likely to settle in an area that is affected by the war on drugs.

2. Riego also contends that the agency did not consider whether it would be impossible for him to relocate to a part of the Philippines where he is not likely to be tortured. But Professor Rafael testified that "there's always [the] possibility" of internal relocation because "the Philippines is a very large archipelago." And even if relocation would be difficult because Riego would be "out of touch with friends and family," the agency need only "consider the *possibility* of relocation—without regard for the *reasonableness* of relocation." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

3. Given the uncertainty that Riego would be tortured in the Philippines and the possibility that he could relocate to an area that is not a focus of the drug war, the record does not compel the conclusion that Riego "more likely than not . . . would be tortured" in the Philippines. 8 C.F.R. § 1208.16(c)(2); *see Velasquez-Samayoa*, 49 F.4th at 1154. Therefore, we need not address Riego's contention that any torture would be "inflicted by, or at the instigation of, or with the consent

or acquiescence of, a public official acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**